BLD-272                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1710
_____

LARRY L. STULER,
                                    Appellant

v.

INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01342)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: June 14, 2013)
_____

OPINION
_____

PER CURIAM

        Larry L. Stuler, proceeding pro se, appeals from the District Court's order denying

his motion for relief under Federal Rule of Civil Procedure 60(b)(4).  For the following

reasons, we will summarily affirm.

I.

In 2010, Stuler requested copies of certain documents from the Internal Revenue Service ("IRS") pursuant to the Freedom of Information Act ("FOIA"). In his request, he promised to pay the fees associated with procuring those documents, but only if they were "expected to exceed $00.00." (Dkt. No. 10-2, p. 2.) The IRS responded with a letter asking Stuler to agree to pay the fees associated with procuring the documents, a required prerequisite for processing his FOIA request, see 26 C.F.R. § 601.702(c)(4)(i)(H). (Dkt. No. 10-3, p.2.) Stuler sent another letter that he claimed constituted his notice of appeal. (Dkt. No. 10-4, p. 2.) The IRS told him that "he was not entitled to administratively appeal" because his FOIA request had not been denied. (Dkt. No. 10-5, p. 3.)

Stuler then filed a complaint seeking release of the documents. The IRS processed his FOIA request, sent him copies of the documents, and then filed a motion to dismiss his complaint for lack of subject matter jurisdiction "because the issue [was] now moot." (Dkt. No. 8, p. 4.) Stuler filed an amended complaint, alleging that the documents he received were incomplete because they were improperly redacted. The IRS again moved to dismiss the complaint and submitted declarations from its employees stating that the documents were not redacted. The IRS also argued that, if its motion were denied, it

2

would assert the affirmative defense that Stuler had not exhausted his administrative remedies prior to filing the amended complaint.[1]

The District Court granted the IRS's motion by order entered June 23, 2011, concluding that Stuler had not exhausted his administrative remedies because his FOIA request did not comply with IRS regulations regarding the payment of fees, and that his allegations that the documents were improperly redacted required "interpretation and analysis" of IRS file and transaction codes. (Dkt. No. 23, pp. 3, 5.) Specifically, the District Court determined that, "in light of the fairly technical and agency-specific nature" of Stuler's claims, it was "particularly appropriate" for him to "seek administrative review of the disclosure before pursuing judicial intervention." (Id. p. 6.) The dismissal was made without prejudice to Stuler's right to "reassert his claim following exhaustion of administrative remedies." (Id. p. 7.)

On December 21, 2012, Stuler filed a motion to vacate the District Court's judgment pursuant to Rule 60(b)(4), arguing that it lacked authority to render the order. The District Court denied the motion as untimely pursuant to Rule 60(c)(1), and Stuler appealed.

## II.

We have jurisdiction over the District Court's denial of Stuler's Rule 60(b)(4) motion pursuant to 28 U.S.C. § 1291. We may affirm for any reason supported by the

---

[1] The District Court ordered the parties to submit briefs "regarding the impact on [Stuler's] Amended Complaint of principles of exhaustion of administrative remedies."

3

record, Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011), and may summarily affirm if no substantial question is presented on appeal, 3d Cir. LAR 27.4 and I.O.P. 10.6.

The IRS argues that Stuler's motion should be construed as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, and that it was untimely because it was filed nearly a year and a half after the District Court dismissed the amended complaint. See Fed. R. Civ. P. 59(e). Alternatively, the IRS argues that the Rule 60(b)(4) motion, if considered timely, was properly denied because it was "groundless."

We will construe Stuler's motion as a request for relief under Rule 60(b)(4), as did the District Court. Stuler argued that the District Court's judgment was void because it "lack[ed] authority to render it." (Dkt. No. 25, p. 2.) As the IRS points out, he is incorrect. Whether a requester has properly exhausted his administrative remedies under the FOIA is "a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction." McDonnell v. United States, 4 F.3d 1227, 1240 n.9 (3d Cir. 1993) (citations omitted). In this case, it was well within the purview of the District Court to dismiss Stuler's complaint without prejudice for failure to exhaust administrative remedies. Even assuming that Stuler's Rule 60(b)(4) motion was filed within a reasonable time, see Fed. R. Civ. P. 60(c)(1), the District Court properly denied it because it was meritless.

---

(Dkt. No. 19.)                              4

III.

We will summarily affirm the District Court's order, entered January 9, 2013, because no substantial question is presented on appeal.